IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CATHERINE DENISE RANDOLPH     *
         Plaintiff,
     v.                                *   CIVIL ACTION NO.  JFM-15-552

UNITED STATES ATTORNEY         *
  GENERAL ERIC HOLDER, JR.
  DEPARTMENT OF JUSTICE, et al.    *
UNITED STATES ATTORNEY ROD
  ROSENSTEIN                           *
         Defendants.
                                         *****

## **MEMORANDUM**

On February 27, 2015, plaintiff, a resident of Baltimore, Maryland filed this self-represented action, naming the United States Attorney General and the United States Attorney for Maryland as defendants. In her statement of facts, she raises the following claims:

> "18 U.S.C. § 2521 (read). Federal jurisdiction – I am requesting counsel. My constitutional rights are violated with intentional disclosure by illegal interception prohibited for advertising. Please consider to grant my relief due to intentional disclosure – infliction mental distress, declaratory –misappropriation – identity theft and punitive damage relief for loss wages – loss time (unemployed) which includes false arrest (pending 6 years unconstitutional) criminal cases #506069025 and #506069026 Circuit Court Baltimore City – no convictions case disposition closed/dismissed 03/07/2012. I am a victim of a crime due to intentional disclosure mandate recovery of civil damage rule 18 U.S.C. § 2520 and federal crime victim rights rule 18 U.S.C. § 3771. I am entitle to my privacy, dignity and respect all of the time. Mandate Md. criminal (read) laws 3-705 and 3-706 stop extortion of verbal and written threats uphold penalties for defendants at 4234 Shamrock Ave. Balto. Md. 21206."

ECF No. 1 at p. 2. Plaintiff seeks an injunction to "stop intentional disclosure and prohibited advertising" and asks to be awarded $3,000,000,000.00 in damages. *Id*. at p. 3. In addition, on March 3, 2015, plaintiff filed a motion to amend her complaint, seeking the appointment of counsel.

ECF No. 3. Plaintiff has moved to proceed in forma pauperis. ECF No. 2. Because she appears indigent, she shall be granted leave to proceed without the prepayment of the $400.00 civil filing fee. Her complaint shall, however, be summarily dismissed.[1]

Pursuant to 28 U.S.C. § 1915,[2] the courts are required to screen a plaintiff's complaint when in forma pauperis status has been granted. Therefore, pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. See *Fogle v. Blake*, 227 Fed. Appx. 542, *1 (8th Cir. July 10, 2007) (affirming district court's pre-service dismissal of non-prisoner's § 1983 Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screen a non-prisoner Complaint); *Evans v. Albaugh*, 2013 WL 5375781 (N. D. W.Va. 2013) (28 U.S.C. § 1915(e) authorizes dismissal of complaints filed in forma pauperis).

A complaint is frivolous if it is without "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this case, plaintiff is proceeding pro se. When reviewing a pro se complaint, courts hold it "to less stringent standards than formal pleadings drafted by lawyers...." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court, however, may dismiss a claim as

---

[1] Plaintiff has filed several prior cases raising civil rights claims regarding alleged wiretapping by her neighbor at 4234 Shamrock Avenue. *See Randolph v. State*, Civil Action No. GLR-14-2713 (D. Md.); *Randolph v. New Technology*, Civil Action No. ELH-14-3068 (D. Md.); *Randolph v. Baltimore City States Attorney*, Civil Action No. WDQ-14-3176; and *Randolph v. U.S. Attorney General, et al.*, Civil Action No. GLR-14-3298 (D. Md.). All cases were summarily dismissed.

[2] The statute provides in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

frivolous if "the facts alleged are 'clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (citing *Neitzke*, 404 U.S. at 327).

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must also dismiss plaintiff's complaint if it fails to state a claim on which relief may be granted. Although a pro se plaintiff's pleadings are liberally construed, plaintiff's complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). This "plausibility standard requires [plaintiff] to demonstrate more than a sheer possibility that a defendant has acted unlawfully." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). Indeed, plaintiff must articulate facts that, when accepted as true, demonstrate she has stated a claim entitling her to relief. *Id.*

Upon generous construction of the complaint, the court finds that plaintiff has failed to set out a claim entitling her to relief. Plaintiff is not entitled to the protections of 18 U.S.C. § 3771 in this civil proceeding. *See In re Rodriguez*, 275 Fed. Appx. 192 (4th Cir. 2008). Sections 2520 and 2521 of Title 18 of the U.S. Code are criminal statutes and do not provide a basis to impose civil liability. *Flowers v. Tandy Corp.*, 773 F.2d 585, 588 (4th Cir. 1985). Moreover, to the extent that plaintiff asserts she is a crime victim, this court has no authority to initiate criminal charges. In our legal system, the decision whether or not to prosecute, and for what offense, rests with the prosecution. *See*, *e.g.*, *Borderkircher v. Hayes*, 434 U.S. 357, 364 (1978). The Supreme Court said

in *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973): "[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *See also Banks v. Buchanan*, 336 Fed. Appx. 122, 123 (3d Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997); *Sibley v. Obama*, 866 F. Supp. 2d 17, 22 (D. D.C. 2012) *aff'd*, Civ. No. 12-5198, 2012 WL 6603088 (D.C. Cir. Dec. 6, 2012), *cert. denied*, __ U.S. __, 133 S. Ct. 1263 (2013). If plaintiff seeks to pursue criminal charges, she must bring her allegations to the attention of law enforcement authorities. Further, the factual assertions and legal conclusions raised in the document regarding plaintiff's next door neighbor and wiretapping devices following plaintiff "everywhere" amount to continuous nonsensical chatter. The allegations are "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," and thus may be dismissed for lack of subject matter jurisdiction, pursuant to Fed R. Civ. P 12 (b)(1). *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2nd Cir. 1988); *see also Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994). The document contains no allegations of legal significance, fails to state a claim upon which relief may be granted, and must be dismissed.

For the aforementioned reasons, the court hereby dismisses the case for the failure to state a claim against defendants.[3]

Date: March 9, 2015              /s/
                                 J. Frederick Motz

---

[3] Plaintiff's motion to amend, construed as a motion for appointment of counsel, shall be denied. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); abrogated on other grounds by *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989) (holding that § 1915 does not authorize compulsory appointment of counsel); *see also Lowery v. Bennett*, 492 Fed. Appx. 405, 411 (4th Cir 2012).

United States District Judge